**RESUBMIT HLD-001**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4426
_____

IN RE:  MYCHAEL SAUNDERS,

Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to D.C. Crim. Action No. 2:08-cr-00165-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 11, 2014

Before: MCKEE, GARTH and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

Pro se petitioner Mychael Saunders filed a petition for a writ of mandamus,

seeking to compel the United States District Court for the Eastern District of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pennsylvania to rule on his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Thereafter, on April 15, 2015, the District Court entered an order ruling on Saunders's § 2255 motion. In light of the District Court's action, the case before us is no longer a live controversy, so we will dismiss the petition for writ of mandamus as moot. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."